# 𝔕𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## WILEY V. COLSTON.

### NOVEMBER 14th, 1889.

SPECIFIC PERFORMANCE—*Proof.*—In suit to enforce specific performance of a parol contract for the sale of land, complainant must clearly establish the contract set up in his bill by a preponderance of evidence.

Argued at Staunton.    Decided at Richmond.

Appeal from decree of circuit court of Clarke county, rendered October 10, 1888, in a chancery cause wherein George W. Wiley was complainant and Mamie Colston was defendant. The bill was dismissed with costs, and complainant appealed. Opinion states the case.

*M. McCormick*, for the appellant.

*R. M. Ward*, for the appellee.

LACY, J., delivered the opinion of the court.

This bill was filed to enforce an alleged parol contract for the sale of land, by the appellant against the appellee. The claim by the plaintiff was that about the 1st of September, 1887, he made a verbal agreement with the defendant, Mrs. Colston, for the purchase of a portion of the farm belonging to her upon which he was then living as her tenant, and some mountain land, the price of the latter agreed upon, and the

boundaries of the former agreed upon, but the price not fixed, and three persons selected to value this. That the three persons fixed the price, but Mrs. Colston refused to accept their valuation, and declined to sell; and the part performance alleged is, (1) that possession was taken by him under the contract; (2) that before Mrs. Colston refused to sell at this price he had split some rails and had commenced to get some timber to repair some buildings. And because of these acts of part performance, he claims the right to have specific performance. He prays that the said alleged contract may be specifically executed, and that Mrs. Colston may be perpetually enjoined from proceeding with an action for unlawful detainer instituted to recover possession of the land. Mrs. Colston answered, and denied the contract of sale alleged by the appellant in his bill, and her deposition was taken and that of others, and at the hearing the court dissolved the injunction and dismissed the bill, and Wiley appealed.

It is well settled that unless a contract of this sort, as set up here, is clearly established by a preponderance of evidence, the court will not enforce it. If the evidence is conflicting, and it is not clear that a contract was in fact made, a bill for specific performance will be dismissed. See the opinion of Snyder, J., in *Gallagher* v. *Gallagher* (W. Va.), 5 S. E. Rep., 297, and the cases there cited; *Dinning* v. *Insurance Co.*, 68 Ill., 414; *Suydam* v. *Insurance Co.*, 18 Ohio, 459. This contract is somewhat sustained by the alleged recollection of the witness, Lee, who, as Mrs. Colston's counsel, was present when Wiley proposed to buy, as he says in his deposition that it was his understanding that Mrs. Colston was to sell at the price fixed by the three persons she should name; but his memory was not good, as appears plainly enough by his letter written to Mrs. Colston inclosing the valuation made by these persons. In that he says: "So, if you want to sell, you had better let it go, for it is a good price." And after much very emphatic urging, he adds: "Let me hear from you

by return mail about the Geo. Wiley matter. His offer is a good one, and you had better take it up." According to his deposition, it was an agreement completed, and the offer had been already taken up. I think it is clear that Wiley was anxious to buy the land, and that Mrs. Colston was willing to sell if enough money was offered. But it is evident that no price was ever agreed on between them, and no sale was ever made; and that the decree of the circuit court dismissing the bill was plainly right, and must be affirmed.

DECREE AFFIRMED.